UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHIQUITA R. SWIFT, | Case No. 1:07-cv-1064 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant, | |

**ORDER**

**Adopting the R&R without Objection;**
**Affirming the Commissioner's Denial of Social Security Disability Benefits;**
**Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R"). The Magistrate Judge issued the R&R on Wednesday, January 7, 2009.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b); *Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation

within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

W.D. MICH. LCIVR 5.7(d)(i)(ii), entitled Service of Electronically Filed Documents - Service on Registered Attorneys, states in pertinent part, "Consequently, service of an electronically filed document upon a registered attorney is deemed complete upon the transmission of an NEF to that attorney under subsection (i)(iv) of this rule and no certificate of service should be filed." Accordingly, the court finds that Swift's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge. *See Malik v. AT&T Mobility, LLC*, No. 1:2008-cv-234, 2009 WL _____, *___ (W.D. Mich. Jan. 23, 2009) (Maloney, C.J.) (applying same local rule, and finding that counsel was served with adversary's motion for summary judgment on the same date that the adversary e-filed the motion).

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a). Thus, the ten-day objection period began on Thursday, January 8, 2009. Day two was Friday, January 9, 2009.

Rule 6 further provides, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." FED. R. CIV. P. 6(a). Thus the court excludes Saturday January 10 and Sunday January 11. Days 3 through 7 ran from Monday, January 12 through Friday, January 16, 2009. The court excludes Saturday, January 17, Sunday, January 18, and Monday, January 19 (a federal holiday). Day 8 was

Tuesday, January 20, 2008.

Thus, calculated under FED. R. CIV. P. 6 alone, the ten-day period for filing objections expired at midnight on Thursday, January 22, 2008.

However, the plaintiff seems to be entitled to an extra three days because the Rules still "allow three days" for her brief to arrive at the Clerk's Office – a vestige of the times when parties filed documents by mailing or hand-delivering paper documents to the courthouse. *See* W.D. MICH. LCIvR 5.7(d)(i)(v), Effect on Time Computation ("The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d)."). Allowing the extra three days, the plaintiff's objections were due on Sunday, January 25, 2009, which is treated as Monday, January 26, 2009. *See* FED. R. CIV. P. 6(a)(3) (when the last day of a period falls on a weekend or holiday, the deadline moves to the court's next business day). Even thus generously construed, the deadline has passed, and the court need not wait further for objections to the R&R..

As the United States Supreme Court has held,

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Peretz v. US*, 501 U.S. 923, 939 (1991) (citation and internal quotation marks omitted).[1]

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. Again in the words of the Supreme Court,

---

[1] *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.).

3

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> \* \* \*
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, citation to enacting legislation omitted). Accordingly, district judges in our circuit routinely adopt R&Rs without additional written analysis where the parties have not timely and specifically objected.[2]

---

[2]

> As this court has stated, following the Supreme Court,
>
> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." \* \* \* Because neither party filed timely objections to [the R&R] . . . this Court need not conduct a review.

*Russell v. Caruso*, 2007 WL 3232126, \*2 n.3 (W.D. Mich. 2007) (Maloney, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

*See also Lewis v. SSA*, 2008 WL 3875403, \*1-2 (W.D. Mich. Aug. 15, 2008) (Maloney, C.J.); *Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.);

*Tangwall v. Robb*, 2003 WL 23142190, \*1 (E.D. Mich. 2003) (Lawson, J.) (where objections were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

**ORDER**

Having reviewed the complaint, the briefs, and the R&R, and having received no objections:

The Report and Recommendation [document # 9] is **ADOPTED.**

The Commissioner's denial of disability benefits is **AFFIRMED**.

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED.**

**This order is final, but it is not appealable.** *See Southall v. City of Grand Rapids*, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing *Harris v. Detroit Pub. Schs.*, 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Sarampote v. White*, 2009 WL 125036, *8 (W.D. Mich. Jan. 16, 2009) (Quist, J.) and *Isaacson v. Cliffs River Marina*, 2009 WL 103959, *2 (W.D. Mich. Jan. 13, 2009) (Bell, J.) and *Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (all citing *Thomas* and *Walters*).[3]

---

[3]

*See, e.g., Schrader v. SSA*, 2008 WL 360649, *3 with n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. UMWA*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate

**IT IS SO ORDERED this 27th day of January 2009.**

                                                       /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       Chief United States District Judge

---

review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).